IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

STANLEY LINZY, )
 )
        Plaintiff, )
 )
vs. )   Case No. CIV-16-1031-W
 )
JASON BRYANT, Warden, )
James Crabtree Correctional )
Center; OKLAHOMA )
DEPARTMENT OF )
CORRECTIONS, )
 )
        Defendants. )

## REPORT AND RECOMMENDATION

**I. Complaint.**

Plaintiff, appearing pro se and in forma pauperis, seeks monetary relief under 42 U.S.C. § 1983 from the Oklahoma Department of Corrections (DOC) and Jason Bryant, Warden of the James Crabtree Correctional Center. Doc. 1.[1]

Plaintiff sues Defendant Bryant in his official capacity, *id.* at 4, claiming he "failed to follow [DOC] procedures by neglecting to give Plaintiff

---

[1] This report cites court filings by their electronic case filing designation and pagination. There are alterations to Plaintiff's uniform use of the uppercase; otherwise, unless indicated, quotations are verbatim.

a due process hearing on Class X violation(s) which resulted in Plaintiff being stripped of 365 days of credit, transferred to a maximum facility, and denial of parole." *Id.* at 7. He also claims Defendant Bryant "signed and approved false documents be submitted to Oklahoma State Penitentiary in order to justify transfer to and prevent transfer from maximum facility." *Id.* at 8.

Plaintiff names the DOC as a Defendant in both claims but does not allege any facts in support of such claims. *Id.* at 7-8.

United States District Judge Lee R. West has referred this matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5.

## II. Screening.

Federal law requires the court to screen complaints filed by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In addition, because Plaintiff is proceeding in forma pauperis, the court has an ongoing duty to consider the sufficiency of his claims. *See id.* § 1915(e)(2). The court must dismiss any frivolous or malicious claim, any claim asking for monetary relief from a defendant who is immune from such relief, or any claim on which the court cannot grant relief. *Id.* §§ 1915A(b), 1915(e)(2)(B).

A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556

2

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir. 2010). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. And, "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court may not, however, serve as Plaintiff's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

Consistent with this screening mandate, the undersigned has carefully reviewed Plaintiff's pleadings and, for the following reasons, recommends summary dismissal, without prejudice, of his claims.

**III. Analysis.**

    **A. DOC.**

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal

3

court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). An exception exists when the State waives its Eleventh Amendment immunity, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), or if Congress abrogates it. *See Garrett*, 531 U.S. at 363. Neither exception applies here. The State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And, Congress did not abrogate the States' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). The State of Oklahoma's Eleventh Amendment immunity extends to the DOC, a state agency, and protects it from suit in federal court. "[T]he DOC is an arm of the state and should be entitled to absolute immunity." *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d 627, 631-32 (10th Cir. 1988).

**B. Defendant Bryant.**

"This immunity under the Eleventh Amendment remains in effect when state officials are sued for damages in their official capacity." *Id*. at 632. "[O]fficial-capacity suits . . . generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (internal quotation marks omitted). Plaintiff identifies Defendant Bryant as the warden of a state-run

4

correctional center, *see* Doc. 1, at 4, so the official capacity suit against Defendant Warden is, in essence, a suit against the State of Oklahoma.

## IV. Recommendation and notice of right to object.

Dismissal without prejudice of Plaintiff's claims against the DOC and of his claims for monetary relief against Defendant Bryant in his official capacity is warranted under 28 U.S.C. §§ 1915A(b)(2), 1915(e)(2)(B)(iii). Thus, the undersigned recommends the summary dismissal, without prejudice, of Plaintiff's complaint for failure to state a valid claim for relief, with leave granted to amend because Plaintiff could potentially correct the pleading defect *as to Defendant Bryant*. *See Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990) (applying "permissive standard" to pro se prisoner pleadings particularly where "deficiencies in a complaint" may stem from a "pro se litigant's ignorance of special pleading requirements"); *Staats v. Cobb*, 455 F. App'x 816, 818 (10th Cir. 2011) ("We have previously explained that a court 'should dismiss *with leave to amend* . . . if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading or state a claim for relief.'") (quoting *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994)).

The undersigned advises Plaintiff of his right to file an objection to this Report and Recommendation with the Clerk of Court on or before December 19, 2016, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The

5

undersigned further advises Plaintiff that failure to file a timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 29th day of November, 2016.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE